EMBRY, Justice.
Nelson Myrick initiated this suit, in his capacity as Chairman of the Board of Deacons of the First Baptist Church of Hope Hull (hereinafter the church), and in the name of the church, to enjoin the Reverend James Owens from invading or otherwise trespassing upon the premises of the church. Having found that Myrick lacks the capacity to bring legal action on behalf of the church, as set out by specific negative averment in defendant’s answer, we affirm the order of the trial court denying any relief.
Alabama law no longer requires a complaint to show affirmatively that the plaintiff is a legal entity, capable of suing or being sued. Rule 9(a), ARCP (Committee Comments). However, where the capacity or authority to sue is at issue in a case, it may be raised by specific negative averment. Rule S(a), ARCP. In this instance, Reverend Owens, by his pro se letter answer, filed 19 January 1984, clearly raised the issue in accordance with ARCP, Rule 9. Reverend Owens’s answer reads in pertinent part:
“The First Baptist Church of Hope Hull, Alabama has not hired a lawyer nor authorized any person or persons(s) to do so....
“Further, action taken by members must be approved by the church body as a whole....

“(4) Plaintiff, Deacon Nelson Myrick has acted independently of the church in this concern....”
The record fails in every respect to establish that Myrick was authorized or empowered to bring legal action against Reverend Owens on behalf of the church. He did not testify that he had such authority. Nor did the minutes of church meetings mention any such authority. Clardie Johnson, a member of the church for forty years, testified it was never discussed before the church whether to hire an attorney to obtain a restraining order against the pastor. Further testimony revealed that all church business was done by majority vote and that business could be conducted only when two-thirds of the active members were present. Lastly, we note this court has previously recognized that, in a Baptist church, the congregation rules. The majority of the members of the church control the business of the church, leaving the minority to submit to the will of the majority. Abyssinia Missionary Baptist Church v. Nixon, 340 So.2d 746, 748 (Ala.1976).
The same issue presented here was addressed in Blount v. Sixteenth Street Baptist Church, 206 Ala. 423, 90 So. 602 (1921). There, an action by the church was instituted to enjoin an interference with the church property and to prohibit certain persons from governing the church. It was raised by special plea that there was no authority granted by the church to file suit, and the evidence failed to reveal there was such authorization. This court, in holding that such authority must be proven, stated:
“From a careful consideration of the record, we are of the opinion that the institution of this litigation was not duly authorized as provided by this church’s government. If the Legislature had intended that any church should be governed differently after its incorporation, it would have so declared. There is no criticism of counsel for filing the suit; it not being a question of counsel acting without authority. They had the right to suppose the action sought was that of *640 the majority; but we do not think the corporation as such was authorized • to bring the suit in its name without due authority to that end from its members. This is not shown, nor do we think that the effort to ratify the bringing of the suit, after its institution, was effective. The affairs of the Baptist Church must be conducted in an orderly manner, as required by the rules of the religious denomination_” Id., 206 Ala. at 427, 90 So. at 605.
We today hold that Myrick lacked the requisite capacity to file suit on behalf of the church. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.